KLESTADT & WINTERS, LLP
Tracy L. Klestadt (TK-3591)
John E. Jureller, Jr. (JJ-4697)
292 Madison Avenue, 17th Floor
New York, New York 10017
Tel. (212) 972-3000

Attorneys for Debtor/Plaintiff
*Coudert Brothers LLP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| COUDERT BROTHERS LLP, | : Case No. 06-12226 ( RDD ) |
| | : |
| Debtor. | : |

-------------------------------------------------------X
| | |
|---|---|
| COUDERT BROTHERS LLP, | : Adv. No. 07-_____-rdd |
| | : |
| Plaintiff, | : |
| -against- | : |
| | : |
| CANNELL CAPITAL LLC, | : |
| | : |
| Defendant. | : |

-------------------------------------------------------X

**COMPLAINT AGAINST
CANNELL CAPITAL LLC**

Coudert Brothers LLP (the "Debtor" or "Coudert"), by and through its counsel, Klestadt

& Winters, LLP, as and for its complaint against defendant, Cannell Capital LLC

("Defendant"), alleges and states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this proceeding pursuant to the provisions of 28

    U.S.C. sections 1334(a) and (b) and the General Referral Order of the United States

    District Court for the Southern District of New York, dated July 10, 1984.  This

Court has *in personam* jurisdiction over Defendant pursuant to the applicable Bankruptcy Rules and New York Civil Practice Law and Rules ("CPLR"), including sections 301 and 302 of the CPLR, as well as the facts set forth herein.

2. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. section 1409(a).

3. This proceeding is a "related to" non-core proceeding as described and defined under and pursuant to the provisions of 28 U.S.C. section 157(a).

## PARTIES

4. Coudert is a New York limited liability partnership, with offices located at 1114 Avenue of the Americas, New York, New York.

5. Defendant is a former client of Coudert with, upon information and belief, its principal offices located at 150 California Street, Fifth Floor, San Francisco, California, 94111.

## PROCEDURAL BACKGROUND

6. On September 18, 2006 ("Petition Date"), Coudert filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7. Under Bankruptcy Code §§1107 and 1108, Coudert continues to operate its business as a debtor-in-possession.

## FACTUAL BACKGROUND

8. Coudert was a New York based law firm that had offices all over the world.

9. On August 16, 2005, Coudert's Executive Committee, after a vote of its equity partners, voted to wind down its business operations, and since that date, Coudert has been winding up its operations.

10. Defendant is a former client of Coudert, upon information and belief, during the period from at least November 2003 until and through January 2004.

11. At all times relevant herein, Defendant engaged and retained Coudert for the purpose of receiving certain legal services from Coudert.

12. From at least November 2003 through and including January 2004, Defendant requested that Coudert perform certain legal services for its benefit.

13. Coudert provided Defendant with the legal services in accordance with its request.

14. Coudert provided various legal services to and for the benefit of Defendant in various matters.

15. Defendant agreed to pay Coudert at its customary billing rates and to pay disbursements arising out of the legal services which Coudert provided.

16. Coudert billed Defendant for legal services and disbursements incurred on Defendant's behalf during the period mentioned in paragraph "12" above, as set forth in the invoices ("Invoices") itemized in Schedule "A" hereto.

17. Coudert's outstanding Invoices to Defendant total $38,056.22 for legal services rendered to Defendant, and, to date, Defendant has not paid the outstanding balance on the Invoices, and the Invoices remain open and unpaid.

18. Coudert has made numerous demands to Defendant for payment on the Invoices; however, to date, Defendant has refused to make payment on any of the outstanding balance owed to Coudert.

19. Despite due demand, Defendant has failed and refused to pay Coudert the outstanding balance of $38,056.22.

## FIRST CLAIM FOR RELIEF:
## DECLARATION THAT THE PAYMENTS DUE AND OWED ARE PROPERTY OF THE ESTATE (11 U.S.C. §541)

20. Coudert repeats and realleges each and every allegation contained in paragraphs 1 through 19 above, with the same force and effect as if set forth at length herein.

21. Pursuant to Bankruptcy Code §541(a)(1), property of the estate is defined to consist of all legal or equitable interests of the debtor in property as of the commencement of the case.

22. Therefore, the payments due and owed in the sum of $38,056.22 are property of the estate despite the fact that they are in the possession of Defendant, because Congress intended a broad range of property to be included in the estate.

23. Coudert is entitled to a declaration that the payments due and owed by Defendant in the sum of $38,056.22 are property of Coudert's estates pursuant to 11 U.S.C. §541.

## SECOND CLAIM FOR RELIEF:
## TURNOVER OF THE PAYMENTS DUE AND OWED AS PROPERTY OF THE ESTATE (U.S.C. §542)

24. Coudert repeats and realleges each and every allegation contained in paragraphs 1 through 23 above, with the same force and effect as if set forth at length herein.

25. Defendant has failed and refused to turn over the payments due and owed in the sum of $38,056.22, despite due demand therefore.

26. Pursuant to Bankruptcy Code §542, Defendant shall deliver to Coudert, and account for, such property or the value of such property, unless such property is of inconsequential value.

4

27. Pursuant to Bankruptcy Code §542, Coudert is entitled to immediate turn over of the payment due and owed in the sum of $38,056.22 because it is property of Coudert's estate as defined under Bankruptcy Code §541.

28. As a result of the foregoing, Coudert requests that the Court enter a judgment in favor of Coudert as against Defendant in the sum of $38,056.22, plus interest thereon.

### THIRD CLAIM FOR RELIEF: ACTION FOR UNJUST ENRICHMENT

29. Coudert repeats and realleges each and every allegation contained in paragraphs 1 through 28 above, with the same force and effect as if set forth at length herein.

30. From approximately November 2003 through and including January 2004, Coudert conferred a benefit upon Defendant by rendering legal services to Defendant for the total value of $38,056.22 of which amount Defendant has not paid the sum of $38,056.22.

31. Defendant, without objection, knowingly and willingly accepted the benefit of Coudert's legal services.

32. By virtue of the foregoing, Defendant has been unjustly enriched in the amount of $38,056.22, the agreed price and the reasonable value of the legal services provided by Coudert and the disbursements that Coudert expended in rendering said legal services.

33. As a result of the foregoing, Coudert has been damaged in the sum of $38,056.22 and requests that the Court enter a judgment in favor of Coudert as against Defendant in the sum of $38,056.22, plus interest thereon.

## FOURTH CLAIM FOR RELIEF:
## ACTION FOR QUANTUM MERUIT

34. Coudert repeats and realleges each and every allegation contained in paragraphs 1 through 33 above, with the same force and effect as if set forth at length herein.

35. From approximately November 2003 through and including January 2004, Coudert rendered legal services to Defendant, the fair and reasonable value of which services is $38,056.22.

36. Defendant has failed to pay the balance of Coudert's bills due in the sum of $38,056.22.

37. Defendant, without objection, knowingly and willingly accepted the benefit of Coudert's legal services.

38. Coudert, in rendering such legal services and through Defendant's actions, reasonable expect and expected to be paid for the value of the services rendered and seeks recover in quantum meruit.

39. As a result thereof, Defendant owes Coudert the sum of $38,056.22.

40. As a result of the foregoing, Coudert has been damaged in the sum of $38,056.22 and requests that the Court enter a judgment in favor of Coudert as against Defendant in the sum of $38,056.22, plus interest thereon.

## FIFTH CLAIM FOR RELIEF:
## BREACH OF CONTRACT

41. Coudert repeats and realleges each and every allegation contained in paragraphs 1 through 40, with the same force and effect as if set forth at length herein.

6

42. Pursuant to the agreement of the parties herein, Defendant is obligated to pay Coudert the sum of $38,056.22 for legal services rendered by Coudert to Defendant, at Defendant's specific request.

43. Defendant's continued failure to pay Coudert the sum of $38,056.22 for legal services that Coudert rendered to Defendant is a continuing breach of the agreement into which Coudert and Defendant entered.

44. No part of the said $38,056.22 has been paid although payment has been due and duly demanded, resulting in a balance due and owing to Coudert of $38,056.22.

45. As a result of Defendant's breach, Coudert has been damaged in the sum of $38,056.22 and requests that the Court enter a judgment in favor of Coudert as against Defendant in the sum of $38,056.22, plus interest thereon.

### SIXTH CLAIM FOR RELIEF:
### BREACH OF IMPLIED CONTRACT

46. Coudert repeats and realleges each and every allegation contained in paragraphs 1 through 45, with the same force and effect as if set forth at length herein.

47. Defendant, by its actions, impliedly agreed that Coudert would be paid for the legal services that Coudert rendered at Coudert's customary billing rates.

48. Defendant's continued failure to pay Coudert the sum of $38,056.22 for legal services that Coudert rendered is a continuing breach of the implied agreement into which Coudert and Defendant entered.

49. No part of the said $38,056.22 has been paid although payment has been

due and duly demanded, resulting in a balance due and owing to Coudert of $38,056.22.

50. As a result of the foregoing, Coudert has been damaged in the sum of $38,056.22 and requests that the Court enter a judgment in favor of Coudert as against Defendant in the sum of $38,056.22, plus interest thereon.

**WHEREFORE**, Coudert respectfully requests that this Court enter (I) an order directing the Defendant Cannell Capital LLC to turn over the payments in the amount of $38,056.22, (ii) an order entering judgment in favor of Coudert as against Defendant Cannell Capital LLC in the sum of $38,056.22, plus interest thereon, and (iii) an order granting Coudert its costs and expenses, including legal fees, in this matter, together with such other, further, and different relief as the Court deems just and proper.

Dated: March 28, 2007

> KLESTADT & WINTERS, LLP
> Attorneys for Debtor/Plaintiff
> Coudert Brothers LLP
>
> By: */s/ John E. Jureller, Jr.*
>      John E. Jureller, Jr.
> 292 Madison Avenue, 17th Floor
> New York, New York 10017
> Tel.: (212) 972-3000

## SCHEDULE A

| INVOICE NUMBER | INVOICE DATE | INVOICE AMOUNT | INVOICE BALANCE |
|---|---|---|---|
| 2259888 | 12/11/2003 | 18,450.84 | 12,387.22 |
| 2284061 | 1/23/2004 | 16,040.78 | 15,986.50 |
| 2284069 | 1/23/2004 | 9,790.39 | 9,682.50 |
| | | **TOTAL OWED** | 38,056.22 |